**Suela CEPA, Gresa Cepa, Enea Cepa, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4485–ag.

United States Court of Appeals, Second Circuit.

May 24, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Peter E. Papps, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Suela, Enea, and Gressa Cepa, though counsel, petition for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Michael W. Straus denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA "agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decision[ ]," we review both the IJ opinion and the opinion of the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, reversing them only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Id.* at 178. An adverse credibility determination must be based on "specific,

cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In affirming the IJ's adverse credibility finding, the BIA emphasized "major" inconsistencies between petitioners' testimony and two pieces of evidence: (1) a declaration submitted by the parents and two brothers of Enea Cepa, and (2) a medico-legal report discussing a December 2000 incident in which the Cepas claim they were beaten by police. Enea Cepa testified that, although his family's declaration claimed they were arrested and abused by police in December of 1998, the incident actually took place in 1997. He also stated that, while the declaration said that both he and his wife were home when police came in December 2000, in reality only his wife and mother were at the house. As to the medico-legal report, the BIA found it significant that it conflicted with Enea Cepa's testimony as to whether the police beat him when they stopped his car in December 2000, and both the IJ and the BIA noted that the report differed from Enea's testimony as to whether he was stopped on December 10 or December 11.

We disagree with the BIA's characterization of any of these inconsistencies as "major," and even taken together, they do not amount to substantial evidence in support of the agency's adverse credibility finding. The Cepas submitted corroborative documentation from their relatives even though they were not necessarily required to do so, either by DHS regulations or by our cases. *See* 8 C.F.R. §§ 208.13(a), 208.16(b); *Diallo v. INS*, 232 F.3d 279, 286 (2d Cir.2000). When asked by his attorney about the events described in the declaration, Cepa corrected the declaration's account on his own initiative. We question the extent to which it reflects ill on a petitioner's credibility when he, on his own, corrects relatively minor discrepancies in an affidavit, written by someone else, that he did not have to submit in the first place. *See Secaida–Rosales*, 331 F.3d at 307 ("[U]sing an inappropriately stringent standard when evaluating an applicant's testimony constitutes legal, not factual, error.").

Moreover, the medico-legal report the Cepas submitted substantially corroborated their account of the abuse they sustained in December 2000. Minor inconsistencies such as a one-day difference in the date of an alleged incident are the sorts of minor and isolated disparities that are inadequate bases for an adverse credibility finding. *See id.* at 308; *Diallo*, 232 F.3d at 288.

The only other bases for the credibility determination are alleged discrepancies the IJ found between the Cepas' testimony and (1) the asylum officer's notes, and (2) their asylum application. However, the BIA agreed with petitioners that there were "legitimate concerns" about the reliability of inconsistencies between the officer's notes and the Cepas' testimony. And as to the Cepas' asylum application, which the BIA did not mention in its opinion, the IJ did not specify what, exactly, he found inconsistent with the Cepas' testimony. As we have said, "[i]t will not do for a court to be compelled to guess at the theory underlying a particular agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive." *Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 192 (2d Cir.2005); *see Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004) (per curiam) ("[W]hen agency action is subject to judicial review, the law requires that the agency provide reasoned bases for its decision."); *see also Latifi v. Gonzales*, 430 F.3d 103, 104–05 (2d Cir.2005).

Accordingly, we vacate BIA's adverse credibility finding and remand to the

Board for further proceedings on the Cepas' asylum claim. Because the denial of petitioners' withholding of removal and CAT claims depended on the agency's credibility determination, we also remand those claims to the BIA.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).